Morris E. Spector, J.
This is an application by the receiver to adjudge the defendants, Kim Laboratories, Inc., and its president Sidney Martin Fox, guilty of contempt of court for failure to comply with the order of July 3, 1962. That order designated the receiver and directed a turnover of certain documents and records therein specified. The court had found that “ cultures, strains, microorganisms, and books, records and other documents taken from the premises of American Cyanamid Company, and copies thereof, are in the possession of the defendants and * * * there is danger that they will be removed beyond the jurisdiction of the Court or lost, materially injured or destroyed ’ ’ and stated that ‘ ‘ It fairly appears * * * that the unrecovered materials are identifiable and their recovery to prevent further improper activities may be accomplished through the office of a receiver so as to diminish the continuing threat of irreparable damage.” A companion action was instituted in the Federal jurisdiction in the State of New Jersey. There, this defendant Fox was directed to appear for examination as a witness. The Circuit Court of Appeals denied a stay *1071 of the examination and in the Federal District Court the defendant Fox was held in contempt. An appeal is pending from that order in that jurisdiction and an appeal has been submitted before the Appellate Division taken by the defendant from the order of July 3,1962. The latter pending appeal may not defeat the present application. The defendants have refused to make delivery in compliance with the order. Heretofore, the receiver made an application for examination to obtain information as to the whereabouts of the articles, subject of the order of July 3, 1962, and as to the intention of the defendants to comply therewith. The motion was granted, a further application to adjourn or for a stay of the examination was denied and the application made before the Appellate Division for a stay of the examination was also denied. The examination was fruitless, Fox relying on the Fifth Amendment of the United States Constitution. There is evidence of further continued use of the subject properties and trade secrets.
Reliance is placed principally on Bradley v. O’Hare (2 A D 2d 436). There, the obligation to submit to examination and to make production of books and records was not disputed except as such testimony or production may infringe on the privilege against self incrimination. Thus, the Appellate Division had before it for its consideration the refusal of the defendant 0 ’Hare under a claim of privilege against self incrimination to make answer to three questions which pertained to bankbooks, records, statements and savings bankbooks of Local 333,1. L. A., whether the local owned any stocks or bonds or any boats. The refusal to make answer to such questions was sustained. There, the complaint charged breach of trust and fiduciary relationship in the misappropriation and misuse of funds, assets and properties of the plaintiff for the benefit of the individual defendants and the defendant Local 333, A. F. L. While the refusal to testify was sustained, the court nevertheless stated that the production pursuant to a subpoena duces tecum of books held in a representative capacity may be compelled since the privilege does not apply to the requirement to produce books, even though the contents thereof would tend to incriminate personally the holder thereof. More particularly, a person may not be compelled to answer questions concerning his possession so long as such possession may be incriminating or may lead to incrimination, but their production may be compelled. Compulsory production is in order, since the right to possession is substantive and such right may not be defeated by reason of the interest of the possessor to avoid incrimination.
*1072 The motion is granted accordingly and each of the defendants is adjudged in contempt for failure to make turnover pursuant to demand and pursuant to the provisions of the order of July 3, 1962. Settle order at which time the court will accept suggestions as to the punishment to be imposed.